OSCN Found Document:STATE v. ZUNGALI

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE v. ZUNGALI
2015 OK CR 8
348 P.3d 704
Case Number: S-2014-873
Decided: 05/01/2015
STATE OF OKLAHOMA, Appellant, v. BRANDON LEE ZUNGALI and DAISHA TYSHELL HARRIS, Appellees.
Cite as: 2015 OK CR 8, 348 P.3d 704

 

 


OPINION

JOHNSON, JUDGE:
¶1 The State of Oklahoma appeals the October 9, 2014 order entered by the 
Honorable Gary E. Miller of the District Court of Canadian County in Case Nos. 
CF-2014-143 and CF-2014-144, sustaining Appellee Zungali's and Harris's Motions 
to Suppress Evidence. The district court's ruling prohibited admission of all 
evidence seized during a search of Appellees' minivan. We exercise jurisdiction 
under 22 O.S.2011, § 1053(5) and 
reverse the district court's ruling.
BACKGROUND
¶2 Appellees were travelling eastbound on I-40 while Agent Wall of the 
Oklahoma Bureau of Narcotics and Dangerous Drugs [OBNDD] was conducting 
narcotics interdiction around mile marker 111 in Canadian County. He observed 
Appellees' minivan following "less than a second" behind the semi-truck in front 
of them. Appellees' minivan "appeared" to be a rental vehicle with a Florida 
license plate. According to Agent Wall, following too closely is "following 
closer than is reasonable and prudent." He explained that numerous studies and 
the Oklahoma Driver's Manual recommend a following distance of three seconds, 
that Appellees were travelling "much less" than a three-second distance and that 
following too closely is one of the top three causes of Oklahoma accidents. He 
used his stationary vehicle in the median to count the time interval between the 
two vehicles passing him and he was unable to "even count a second." He 
estimated the vehicles' speed between 65 and 70 miles per hour.
¶3 Agent Wall pursued Appellees' minivan and conducted a traffic stop 
approximately two miles from the observed traffic violation. Agent Wall directed 
a canine handler agent with the OBNDD, who had arrived at the scene, to have his 
drug dog scan the minivan. The dog alerted to the odor of drugs and during a 
search of the minivan, the officers found 45 packages of marijuana totaling 
approximately 49 pounds inside a couch in the back of Appellees' minivan. The 
State charged Appellees Harris and Zungali by Information on March 5, 2014, with 
Trafficking in Illegal Drugs in violation of 63 O.S.2011, § 2-415, and with 
Conspiracy to Traffic in Illegal Drugs, in violation of 21 O.S.2011, § 421.[1]
DISCUSSION
¶4 The State contends that the stop of Appellees' minivan for following too 
closely based on a violation of the "three second rule" was not an unreasonable 
seizure in violation of the Fourth Amendment to the United States Constitution, 
and we agree. Review of a district court's ruling on a motion to suppress 
evidence is a mixed question of law and fact; we consider the evidence in the 
light most favorable to the district court's ruling, accept those of the 
district court's factual determinations supported by evidence and review the 
ultimate determination of reasonableness under the Fourth Amendment de novo. 
See United States v. Augustine, 742 F.3d 1258, 1264-1265 (10th Cir. 2014); 
Coffia v. State, 2008 OK CR 
24, ¶ 5, 191 P.3d 594, 
596. 
¶5 Both the United States and Oklahoma Constitutions guarantee the right to 
be free from unreasonable searches and seizures. U.S. Const. amend. IV; Okla. 
Const. art. 2, § 30. To stop a vehicle, police must have reasonable, articulable 
suspicion that the car or its driver is in violation of the law. McGaughey v. 
State, 2001 OK CR 33, ¶ 24, 
37 P.3d 130, 136. "[T]he 
determination of reasonable suspicion must be based on commonsense judgments and 
inferences about human behavior." Illinois v. Wardlow, 528 U.S. 119, 125, 
120 S.Ct. 673, 676, 145 L.Ed.2d 570 (2000). To determine if a traffic 
stop violates the Fourth Amendment, we consider whether the officer's action was 
justified at its inception and whether the officer's subsequent actions were 
reasonably related in scope to the circumstances which justified the 
interference in the first place. McGaughey, 2001 OK CR 33, ¶ 24, 37 P.3d at 
136. 
¶6 This case concerns only whether the traffic stop was justified at its 
inception.[2] 
"The validity of a traffic stop under the Fourth Amendment turns on whether 
th[e] particular officer had reasonable suspicion that th[e] particular motorist 
violated any one of the multitude of applicable traffic and equipment 
regulations of the jurisdiction." United States v. Valenzuela, 494 F.3d 
886, 888 (10th Cir. 2007) (quoting United States v. Tibbetts, 396 F.3d 
1132, 1137 (10th Cir. 2005)). See also Lozoya v. State, 1996 OK CR 55, ¶ 32, 932 P.2d 22, 32. An officer's 
subjective motivation for stopping a particular vehicle is irrelevant. United 
States v. Botero-Ospina, 71 F.3d 783, 787 (10th Cir. 1995). Agent Wall 
stopped Appellees for following too closely in violation of 47 O.S.2011, § 11-310(a) that 
provides a driver "shall not follow another vehicle more closely than is 
reasonable and prudent, having due regard for the speed of such vehicles and the 
traffic upon and the condition of the highway."
¶7 The Tenth Circuit has held that a trooper's use of a two-second "rule of 
thumb" to determine that a car was following the vehicle in front of it too 
closely provided the necessary reasonable suspicion to effectuate a traffic stop 
under a Kansas statute identical to Oklahoma's statute prohibiting following too 
closely.[3] 
United States v. Nichols, 374 F.3d 959, 965 (10th Cir. 2004), cert. 
granted and opinion vacated to allow resentencing under United States v. 
Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); opinion 
reinstated, 410 F.3d 1186 (10th Cir. 2005). The Tenth Circuit reaffirmed its 
holding in Nichols in United States v. Hunter, 663 F.3d 1136, 1143 
(10th Cir. 2011). The trooper in Hunter stopped the defendant for 
following about one second behind a semi on an interstate highway, and the 
trooper testified that such an interval was a violation of the Kansas statute. 
Id. The Tenth Circuit rejected the defendant's argument that the stop was 
not justified because the trooper did not address other factors as a basis for 
the stop, namely speed and distance. The Hunter court approved timed 
intervals as an acceptable method for taking speed and distance into account and 
noted "we have specifically approved [in Nichols] the two-second rule as 
supporting reasonable suspicion to effect a traffic stop...." Id. 
¶8 We find the reasoning in Nichols and Hunter persuasive.[4] Agent Wall 
testified he had hours of training on "traffic stops, traffic violations, [and] 
the traffic laws of the state of Oklahoma." He explained that following too 
closely is following at a distance that is not reasonable and prudent. He went 
on to say that numerous studies as well as the Oklahoma Driver's Manual 
recommend a following distance of three seconds, which he obviously credits as 
one reliable measure of a reasonable and prudent distance between vehicles. He 
explained how he calculated the less than one second between Appellees' minivan 
and the semi in front of them. We find that Agent Wall's use of a three-second 
rule of thumb together with his calculation and observation of less than a one 
second interval in this case provided the minimal level of objective 
justification required for reasonable suspicion justifying a traffic stop. The 
stop was justified at its outset.
DECISION
¶9 The Order of the District Court of October 9, 2014, sustaining Appellees' 
motion to suppress evidence is REVERSED and the matter REMANDED 
for further proceedings. Pursuant to Rule 3.15, Rules of the Oklahoma 
Court of Criminal Appeals, Title 22, Ch.18, App. (2015), the MANDATE 
is ORDERED issued upon delivery and filing of this decision.
AN APPEAL FROM THE DISTRICT COURT OF CANADIAN COUNTY
THE 
HONORABLE GARY E. MILLER, DISTRICT JUDGE
 
 

 
 
 
 APPEARANCES AT TRIAL
 
 APPEARANCES ON APPEAL
 
 
 AUSTIN T. MURREY
ASSISTANT DISTRICT ATTORNEY
303 N. CHOCTAW
EL 
 RENO, OK 73036
ATTORNEY FOR STATE
 
 AUSTIN T. MURREY
ASSISTANT DISTRICT ATTORNEY
303 N. CHOCTAW
EL 
 RENO, OK 73036
ATTORNEY FOR APPELLANT
 
 
 DAN MURDOCK
ATTORNEY AT LAW
3033 N.W. 63RD STREET, STE. 
 152
OKLAHOMA CITY, OK 73116
ATTORNEY FOR DEFENDANT
BRANDON LEE 
 ZUNGALI
  
 GEORGE BILLS
ATTORNEY AT LAW
437 GRANT STREET, STE. 
 407
PITTSBURGH, PA 15217
ATTORNEY FOR DEFENDANT
DAISHA TYSHELL 
 HARRIS
 
 DAN MURDOCK
DANIEL HENSCH
ATTORNEYS AT LAW
3033 N.W. 63RD 
 STREET, STE. 152
OKLAHOMA CITY, OK 73116
ATTORNEYS FOR 
 DEFENDANTS
BRANDON LEE ZUNGALI AND
DAISHA TYSHELL 
 HARRIS

OPINION BY: JOHNSON, J.
SMITH, P.J.: Concur
LUMPKIN, 
V.P.J.: Concur
LEWIS, J.: Concur
HUDSON, J.: 
Concur

FOOTNOTES

[1] Harris 
was charged in Case No. CF-2014-143 and Zungali in CF-2014-144.

[2] The 
State argues that other issues raised for the first time during the hearing on 
the motion to suppress evidence were not properly before the district court and 
should not be considered on appeal because the district court made no finding on 
the allegations raised for the first time and confined its ruling to the 
justification for the traffic stop. Appellees address only the district court's 
ruling in their brief.

[3] Title 
47 O.S.2011, § 11-310(a) provides 
in relevant part:
The driver of a motor vehicle shall not follow another vehicle more closely 
than is reasonable and prudent, having due regard for the speed of such vehicles 
and the traffic upon and the condition of the highway.

[4] The 
district court relied on this Court's non-binding unpublished decision in 
State v. Lopez and Magana to grant Appellees' motion to suppress. 
See State v. Lopez and Magana, Case No. S-2013-103 
(unpublished)(Oct. 2, 2013)(holding a two second rule violation was insufficient 
justification for a traffic stop) In making its ruling, the district court noted 
there was a conflict between a published federal case, United States v. 
Nichols, and this Court's unpublished decision in Lopez. Although the 
district court seemingly credited Agent Wall's testimony by acknowledging that a 
"less than one second" interval between cars was "concerning," the district 
court followed Lopez solely because this Court did not adopt the older 
federal interpretation in Lopez "for whatever reason." The district court 
in Lopez found that much of the trooper's testimony was suspect, calling 
into question his assertion that the defendants were following the car in front 
of them too closely. Agent Wall's testimony does not suffer from the same 
deficiencies as the trooper's testimony in Lopez.





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1996 OK CR 55, 932 P.2d 22, Benjamin Lozoya v. State
Discussed
 2001 OK CR 33, 37 P.3d 130, 72 OBJ 3431, MCGAUGHEY v. STATE
Discussed at Length
 2008 OK CR 24, 191 P.3d 594, COFFIA v. STATE
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 421, Conspiracy - Definition - Punishment
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1053, State or Municipality May Appeal in What Cases
Cited
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 11-310, Following Too Closely
Discussed
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 2-415, Applicability of Act - Unlawful Acts - Violations - Penalties
Cited